

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 9, 1950

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas           Opinion No. V-1117

                Re: Validity of a rider
                    reappropriation of
                    unexpended balances
                    in appropriations for
                    State Hospitals and
                    Special Schools and
                    other institutions for
                    the year ending August
Dear Sir:                31, 1950.

        You have requested an opinion as to whether the
unexpended balances appropriated by House Bill Number 321
of the Regular Session of the Fifty-first Legislature can
be brought forward and are appropriated for the use and
benefit of the State Hospitals and Special Schools for the
present year of the current biennium.

        You further ask:

        "Should you hold by your opinion that
the unexpended balances mentioned in Subsec-
tion (c) of Section 18 of House Bill Number
321 are available and appropriated for the
use and benefit of the State Hospitals and
Special Schools, then are such balances pay-
able from the State Hospital Fund as created
by House Bill Number 3 above mentioned, (Acts
51st Leg., 1st C.S. 1950, ch.2, p.10) or are
such balances paid from the general revenue?"

        House Bill 321, Acts 51st Leg., R.S. 1949, ch.
553, p. 1070 ("making appropriations for the support, main-
tenance and improvement of the State Hospitals and Special
Schools of the State of Texas for the two-year period be-
ginning September 1, 1949 and ending August 31, 1951") was
approved by the Governor "with the exception of those items
appropriated therein for the year ending August 31, 1951,"
which the Governor vetoed. Subdivision (c) of Section 18,
House Bill 321, supra, provided, in part:

"(c) There is hereby appropriated to the Board any unexpended balance in any fund or item appropriated to any institution remaining at the end of the fiscal year ending August 31, 1950. Subject to the approval of the Legislative Budget Committee these unexpended balances may be expended for the following purposes: . . ."

It is our opinion that subdivision (c) above quoted, constitutes an appropriation "for the year ending August 31, 1951," within the meaning of the Governor's veto message, and was therefore vetoed by the Governor as well as the other items appropriated therein for the year ending August 31, 1951. Therefore, it is our opinion that the unexpended balances remaining at the end of the fiscal year ending August 31, 1950, were not appropriated for the fiscal year ending August 31, 1951, by subdivision (c) of Section 18 of House Bill 321. However, House Bill 321 was amended by House Bill 1, Acts 51st Leg., 1st C.S. 1950, ch. 14, p. 55. Subdivision (c) of Section 17 of House Bill 1 provides, in part:

"(c) There is hereby appropriated to the Board and/or Council any unexpended balance in any fund or item appropriated to any institution remaining at the end of the fiscal year ending August 31, 1951. . . ." (Emphasis added.)

It is our opinion that it was the intention of the Legislature to appropriate by subdivision (c) of Section 17, above quoted, the unexpended balance remaining at the end of the fiscal year ending August 31, 1950, rather than August 31, 1951, for House Bill 1 is an appropriation for the fiscal year beginning September 1, 1950 and ending August 31, 1951 and for no other period.

It is stated in 2 Sutherland, Statutory Construction (3rd Ed. 1943) 460-461, citing Chambers v. State, 25 Tex. 307 (1860) that "Courts have permitted the substitution of one word for another . . . where it is obvious that the word used in the act is the result of clerical error, or mistake" and "where the substitution will make the act sensible." Also it was held in Wood v. State, 133 Tex. 110, 116, 126 S.W.2d 4, 7 (1939):

"It is the settled law that statutes should be construed so as to carry out the

legislative intent, and when such intent is once ascertained, it should be given effect, <u>even though the literal meaning of the words used therein is not followed."</u> (Emphasis added.)

By giving House Bill 1 this construction, subdivision (c) of Section 17 is in conformity with the caption of the Bill which limits the appropriation to "the fiscal year beginning September 1, 1950 and ending August 31, 1951." Any other construction would render subdivision (c) of Section 17 unconstitutional as being in violation of Section 35 of Article III of the Constitution of Texas, and the courts will give a statute a construction or interpretation that will render it valid if it is reasonably possible to do so. <u>Hamrick v. Simpler</u>, 127 Tex. 428, 95 S.W.2d 357 (1936), and <u>Amaimo v. Carter</u>, 212 S.W. 2d 950 (Tex.Civ.App. 1948, error ref.).

Therefore, it is our opinion that the unexpended balance in any fund or item appropriated to the fiscal year ending August 31, 1950, is appropriated by the provisions of House Bill 1 for the use and benefit of the State Hospitals and Special Schools for the present year of the current biennium and may be expended for the purposes set out in subdivision (c) of Section 17. Since the "unexpended balance" is an appropriation out of the general revenue fund, you are advised that such balances are to be paid from that fund.

SUMMARY

The "unexpended balance" in any fund or item appropriated by House Bill 321, Acts 51st Leg., R.S. 1949, ch.553, p.1070, remaining at the end of the fiscal year ending August 31, 1950, is appropriated by the provisions of House Bill 1, Acts 51st Leg., 1st C.S. 1950, ch. 14, p.55, for the use and benefit of the State Hospitals and Special Schools and other institutions for the present year of the current biennium and should be paid from the general fund.

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Everett Hutchinson
Executive Assistant

Charles D. Mathews
First Assistant

JR:mw

Yours very truly,

PRICE DANIEL
Attorney General

By _____
John Reeves
Assistant